IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Clarence Everett Jones, Sr., individually, and on behalf of all present and future inmates in the Dorchester County Jails in Summerville, S.C., and in St. George, S.C. <br><br> Plaintiff, <br><br> v. <br><br> John R. Barnes, Jail Administrator; Captain A. Pastor, Detention Commander; 1st Lieutenant S. Green, Detention Supervisor; 1st Lieutenant J. Washington, Administrative Officer; Lieutenant L. Carmichael, Lieutenant C. Heyward, Lieutenant S. Everett, and Lieutenant L. Haynes, Team Commanders; Randy Scott, Chris Murphy, Skip Elliott, Larry Hargett, and Richard Rosebrook, Dorchester County City Council; Ray Nash, Dorchester Country Sheriff; and Judge Tara Richardson, Dorchester County Magistrate, in their official capacities, <br><br> Defendants. | C/A No. 2:04-2527-MBS-BM <br><br><br><br><br><br> **OPINION AND** <br> **O R D E R** |

Plaintiff Clarence Everett Jones, Sr. was detained at the Dorchester County Detention Center for one night in February or March 2004. Plaintiff was granted a personal recognizance bond the following morning and was released at 12:20pm. During Plaintiff's detention, which was approximately 24 hours, Plaintiff contends that he was mistreated by jail personnel and forced to deal with unsanitary and inhumane prison conditions. Plaintiff also contends that the county magistrate judge discriminated against him because she allegedly failed to conduct his bond hearing in a timely

1

manner. As a result of the alleged acts and omissions of Defendants, Plaintiff contends that his Eighth and Fourteenth Amendment rights were violated. Plaintiff seeks to bring this action both individually and as a class action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge issued a Report and Recommendation on February 22, 2006, in which he recommended that Defendants' motion for summary judgment be granted. Petitioner filed objections to the Report and Recommendation on March 2, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

The court has carefully reviewed the pleadings, motion, memorandum, and supporting materials. For reasons stated herein, Defendants' motion for summary judgment is **granted**. The captioned matter is hereby **dismissed**.

## FACTS

Plaintiff was arrested in Orangeburg County after a family member swore out an arrest warrant in Dorchester County charging Plaintiff with assault with intent to kill. Plaintiff was detained overnight at the Dorchester County Detention Center. Plaintiff, who was 72 years old at the time of the subject incident, suffers from several medical infirmities, including, inter alia, diabetes and a knee injury. Complaint ¶¶10, He has been certified handicapped by the State of South Carolina and wears a Medic-Alert bracelet to apprise others of his medical conditions. Id.

In his amended complaint, Plaintiff makes numerous allegations regarding the poor conditions of the Dorchester County Detention Center. Complaint ¶¶2-4, 9-10, 17, 25-37. In summary, Plaintiff contends that the jail was noisy, overcrowded, understaffed, and had plumbing, electrical, and other structural faults. Id. He also makes claims that the food that was served was cold and that only "'Kool aide' with plenty of sugar was available to diabetics." Objections to Magistrate Judge Bristow Marchant Recommendation to Dismiss this Case ("Plaintiff's Objections"), ¶4. Plaintiff contends that these allegations are verified by his first-hand knowledge and by failed inspection reports for the jail. Id. at ¶4.

Plaintiff also details poor treatment that he allegedly experienced at the Dorchester County Detention Center. Complaint, ¶¶9-10, 23-24. In summary, Plaintiff contends that the medical staff failed to address his medical needs, including the administration of certain medications. Id. In addition, Plaintiff contends that jail personnel forced him to sleep on the floor on a two inch foam mattress which caused him to sustain injuries to his "head, shoulder, knee and leg, neck and back." Complaint, ¶10; Plaintiff's Objections, ¶7.

Plaintiff also alleges that the county magistrate judge mishandled his bond hearing. Complaint, ¶13. In relevant part, Plaintiff contends that the "[county magistrate judge] could have prevented Plaintiff Jones being incarcerated in the Jail by simply getting up and doing her duties in holding a timely bond hearing... In addition, from observations made by Plaintiff Jones she is a racist and hates white people. She is an air-head with little education and no experience in dealing with people and holding timely bond hearing." Id.

## DISCUSSION

Class Action Certification

Plaintiff has requested that this matter be maintained as a class action pursuant to FED. R. CIV. P. 23 on behalf of all current and future inmates at the Dorchester County Detention Center. Complaint, ¶¶16-21. A class action may be maintained under the Federal Rules of Civil Procedure if "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a).

As to the last requirement for class certification, Plaintiff contends that he "will fairly and adequately represent the interest of the class as a whole." Complaint, ¶20. Plaintiff brings this action pro se but claims that he has "investigated the conditions at the Jail and is knowledgeable in class action litigation involving jail and prison conditions, having been to the University of South Carolina Law School." Id. Plaintiff is not an attorney. As the Fourth Circuit has noted, the court "considers the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975). As such,

Plaintiff cannot represent other inmates in a class action without assistance of counsel. Plaintiff's request for class certification is denied.

Judicial Immunity

Plaintiff contends that he is permitted to maintain this action against Judge Tara Richardson for her conduct as a county magistrate. Generally, a judge is absolutely immune from a lawsuit for money damages for her judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). In addition, South Carolina law provides that "a person charged with a bailable offense must have a bond hearing within twenty-four hours of his arrest and must be released within a reasonable time . . . ." S.C. Code Ann. § 22-5-510(B). Even assuming that Plaintiff's allegations are true, Judge Richardson's handling of Plaintiff's bond hearing did not violate his due process rights or South Carolina law. Judge Richardson is immune from suit for money damages and is hereby **dismissed with prejudice** based on absolute judicial immunity.

Immunity for State Officers in Official Capacity

Plaintiff contends that he is permitted to maintain this action against the Dorchester County sheriff and his deputies in their official capacities as state officials. It is well-settled that state officials may not be sued in their official capacities under 42 U.S.C. § 1983. See Mt. Healthy City. Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 280 (1977). The Fourth Circuit Court of Appeals also has held that South Carolina sheriffs are state officials for immunity purposes. See Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1995). As such, Plaintiff may not bring this action against the Dorchester sheriff or any of his deputies in their official capacities as state officials.

Qualified Immunity for State Officers in their Individual Capacities

Finally, Plaintiff contends that he is permitted to bring this action against Defendants in their individual capacities. An action may be brought against a state official in his individual capacity under § 1983 if the official's conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The right allegedly violated must be articulated in a "particularized" and "relevant" way. Anderson v. Creighton, 483 U.S. 635, 640 (1987). In short, the court must be able to conclude, in light of pre-existing law, that the unlawfulness of the challenged action was apparent to the official. Id. In the context of pretrial detainees, Plaintiff also must show that a named Defendant displayed a deliberate or callous indifference to a specific known risk of harm to him. See Pressly v. Hutto, 816 F.2d 977 (4th Cir. 1987).[1]

As previously noted, Plaintiff's general allegations of poor prison conditions are not cognizable in this action. Plaintiff's specific allegations of harm are discussed in turn.

Plaintiff first contends that prison personnel left him unattended while he was handcuffed during his incarceration causing him to fall and sustain injuries to his hands, knees, legs, and arms. Complaint, ¶9. Plaintiff argues that prison officials knew that he was 72 years old and had a knee injury. Id. at 10. Plaintiff does not allege that prison officials pushed him down. In addition, Plaintiff does not allege that he suffers from vertigo or some other ailment which would make him prone to falling. Finally, Plaintiff does not allege that prison officials withheld use of any

---

[1] Pretrial detainees are protected under the due process clause of the Fourteenth Amendment and not under the Eighth Amendment's prohibition against cruel and unusual punishment. See Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990). Nevertheless, the Fourth Circuit Court of Appeals has applied a similar test in both circumstances. Id.

ambulatory devices, including a walker or wheelchair, previously in his possession. Even assuming that Plaintiff did fall during his incarceration, Plaintiff has not demonstrated that prison officials knew that he was at risk of falling. Plaintiff has failed to meet his burden and his alleged fall cannot be the basis for a claim against prison officials.

Plaintiff next argues that the food that was served to him at the jail was cold and that the "Kool aide" had too much sugar. Complaint, ¶26. In addition, Plaintiff contends that his diabetic medications and supplies, including insulin, diabetic socks, and blood sugar level monitors, were not provided to him. Id. at ¶24. While Plaintiff was annoyed by the accommodations at the jail, Plaintiff does not allege that he sustained any harm from the food or the medical treatment received. As such, Plaintiff's claim against medical personnel at the prison is without merit.

Plaintiff also contends that he was forced to sleep on a foam mattress that was uncomfortable and was placed on the floor. Complaint, ¶26. Plaintiff claims that he suffered a hernia when he attempted to get off the mattress provided to him. Plaintiff's Objections, ¶7. Only extreme deprivations are adequate to satisfy the objective component of a constitutional claim regarding the conditions of confinement. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Being forced to sleep on the floor or on an uncomfortable mattress, in and of itself, does not rise to a level of a constitutional violation. See Calhoun v. Thomas, 360 F.Supp.2d 1264 (M.D. Ala. 2005). Moreover, Plaintiff was only detained for one night. Plaintiff's claim is without merit.

For the reasons stated herein, the court concurs in the Magistrate Judge's recommendation that the captioned matter be dismissed. Defendants' motion for summary judgment is granted to the extent that Defendants are entitled to qualified immunity.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

March 22, 2006
Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**